IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TAMMY C. PRICE                                                                          PLAINTIFF

V.                                   NO. 4:17CV00464 KGB/PSH

SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I.  Introduction:**

Plaintiff, Tammy C. Price, applied for disability benefits on May 12, 2014, alleging a disability onset date of April 23, 2013. (Tr. at 62). The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Price's claim. (Tr. at 61). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Price has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

**II.  The Commissioner's Decision:**

The ALJ found that Ms. Price had not engaged in substantial gainful activity since the alleged onset date of April 23, 2013. (Tr. at 54). At Step Two of the sequential five-step analysis,

the ALJ found that Ms. Price had the following severe impairments: bilateral carpal tunnel syndrome, anxiety, and a personality disorder. *Id*.

The ALJ found that Ms. Price's impairment did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Ms. Price had the residual functional capacity ("RFC") to perform work at the light level, with some limitations. (Tr. at 56). She could frequently finger and handle bilaterally and frequently reach overhead bilaterally. *Id*. She would be limited to simple, routine, and repetitive tasks where interpersonal contact is incidental to the work performed. *Id*. She could respond to supervision that is simple, direct, and concrete. *Id*.

The ALJ next found that Ms. Price was unable to perform any past relevant work. (Tr. at 60). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Ms. Price's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform, such as cleaner/housekeeper, power screwdriver operator, and coin machine collector. (Tr. at 61). Therefore, the ALJ found that Ms. Price was not disabled. *Id*.

**III.    Discussion**:

    A.    Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

    B.   Ms. Price's Arguments on Appeal

Ms. Price contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ failed to fully develop the record and did not properly evaluate her mental impairments, that the ALJ's credibility analysis was insufficient, and that the RFC did not fully incorporate Ms. Price's limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Price's main complaints stemmed from carpal tunnel syndrome and anxiety. She complained of work-related hand and wrist pain in 2013, and was diagnosed with carpal tunnel syndrome in March 2013. (Tr. at 393-394). EMG and nerve conduction studies were done in March 2013 and they showed distal latencies and reduced amplitude in the left hand, with fifth finger sensory loss. (Tr. at 422-423). There was also mild right and moderate left median neuropathy. *Id*. Ms. Price was instructed to wear night splints and take NSAIDS. *Id*. Carpal tunnel surgery was performed on April 23, 2013. (Tr. at 399). She tolerated it well and returned home in stable

3

condition. (Tr. at 400).

In late 2013, Ms. Price again had problems with her hands. On October 8, 2013, she had tenderness to palpation in her left hand with positive Tinel's sign. (Tr. at 482). However, she had full range of motion in her left hand and fingers. *Id*. A nerve conduction study done on October 8, 2013 was abnormal, with moderately severe left carpal tunnel syndrome. (Tr. at 486). On November 8 and December 16, 2013, functional evaluations of Ms. Price's left hand were within normal limits. (Tr. at 450. 488). She had full range of motion in her wrist, with normal sensory and motor exams. (Tr. at 489). Still, given the complaints of pain, Ms. Price had left carpal tunnel release surgery on December 18, 2013. (Tr. at 491). In January 2014, Ms. Price was doing well and had no significant swelling. *Id.* Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). She had full motion in her fingers. *Id*. She was doing home exercises and told to return to work, but not to use her left hand until she returned to the clinic. (Tr. at 491-493). By February 2014, Ms. Price was continuing to improve, with good range of motion and muscle strength. (Tr. at 494). In March 2014, she was told to return to work and resume regular activity with no restrictions. (Tr. at 497-499). A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003). Ms. Price responded well to physical therapy exercises. (Tr. at 775-850). While left median nerve function was improving, an EMG/nerve conduction study in September 2014 showed left cubital tunnel syndrome. (Tr. at 553). But at that time, range of motion was full in both wrists, and neurological and sensory tests were normal. (Tr. at 553-556). X-rays of the right wrist and left elbow were normal. (Tr. at 558).

In 2015 and 2016, Ms. Price saw a primary care provider, Gil Johnson, M.D., for general

4

complaints. He repeatedly told her to seek out specialists for mental and physical problems, and said that he could not offer an opinion on disability, as he was not qualified. (Tr. at 104-114).

Richard Greene, M.Ed., Certified Functional Evaluator, examined Ms. Price on November 5, 2013, and found that she could lift and carry 25-50 pounds. (Tr. at 504-508, 673). She could constantly reach, handle, and finger. (Tr. at 504). He found her capable of medium work. *Id*. The state-agency medical consultant also found that Ms. Price was capable of medium work. (Tr. at 124).

Ted Honghiran, M.D., performed an orthopedic evaluation of Ms. Price on December 28, 2015. (Tr. at 869-870). He found that she had no muscle atrophy in her left hand, and that she had a somewhat weak grip on both sides. (Tr. at 870). He said she could perform a job in the automotive field, using the computer technology that she had knowledge of. *Id*. The ability to perform a job working at a computer suggests that Ms. Price's carpal tunnel syndrome is not disabling.

Although the state-agency medical consultant found Ms. Price capable of medium work, the ALJ added more restrictions, and assigned Ms. Price an RFC for light work with some postural limitations. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). While Ms. Price certainly had classic symptoms of carpal tunnel syndrome, she improved after her second surgery and did not submit treatment records specifically related to hand pain after 2014. Physical therapy helped, and she did not require more than

conservative treatment. The RFC properly incorporated her limitations.

As for Ms. Price's anxiety, as of the date of the hearing decision, she had not sought professional counseling since 1989. (Tr. at 873). The record includes some counseling records from after the relevant time-period. (Tr. at 11-40). But during the period at issue, there is no record of treatment by a psychiatrist or licensed counselor. Ms. Price complained of anxiety to her PCP, and he prescribed a limited amount of Klonopin. (Tr. at 110-114). The Klonopin helped with symptoms. (Tr. at 88, 110). Dr. Johnson referred Ms. Price for specialized psychiatric treatment, which she did not pursue until after the hearing. (103-114). The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

Samantha Short, L.Psy., examined Ms. Price on February 23, 2016. She found that Ms. Price was nervous and tearful. (Tr. at 874). However, she had the capacity to communicate in an intelligible and effective manner. (Tr. at 877). Short also found that Ms. Price could not cope with mental demands of work; could not attend and sustain attention to tasks; and could not complete tasks in a timely manner. *Id*. However, Ms. Price performed adequately on the mental testing portion of the examination. (Tr. at 875). *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)(the ALJ may discount a treating physician's opinion where he renders inconsistent opinions that undermine his credibility). And Ms. Price admitted that she could prepare simple meals, drive, shop in stores, handle finances, and spend time with others. (Tr. at 320-323). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The one-time examination by Ms. Short does not suffice as a longitudinal portrayal of Ms. Price's mental health. She did not complain of anxiety at

her many visits for wrist pain, and she did not seek specialized psychiatric treatment. She responded well to Klonopin. The ALJ must make a determination of disability based on available medical evidence, and Ms. Price simply did not present evidence of a disabling psychiatric disorder. The RFC for simple, unskilled work sufficiently incorporated Ms. Price's limitations.

Ms. Price argues that the ALJ should have further developed the record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011).

On January 2, 2015, Ms. Price's attorney requested that the ALJ send Ms. Price for another EMG/nerve conduction study and a psychological consultation. (Tr. at 334-335). Ms. Price already had two EMG/nerve conduction studies and Dr. Honghiran performed a functional assessment after Ms. Price's request. (Tr. at 422,448, 450, 485, 560, 869). Moreover, the lack of treatment records specific to carpal tunnel syndrome after the attorney's request suggest Ms. Price's condition was no longer a problem. And Ms. Price did have a psychiatric evaluation after her request, on February 23, 2016, by Ms. Short. (Tr. at 873). The ALJ had ample medical evidence pertaining to Ms. Price's impairments, and he did not fail in his duty to develop the record.

Finally, Ms. Price argues that the ALJ's credibility analysis was incomplete. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's

allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still give consideration to all of the evidence presented relating to subjective complaints, such as: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). However, the ALJ still is not required to specifically address each of the above factors. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). The ALJ may discount subjective complaints if there are inconsistencies in the record as a whole. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

In this case, the ALJ discussed Ms. Price's ability to do activities of daily living. (Tr. at 55). He also addressed her improvement after surgery and her doctor's report that she could return to full work duty with no restrictions. (Tr. at 57-60). He considered her mild medications and conservative treatment. (Tr. at 58). And he noted her lack of psychiatric treatment. (Tr. at 58). He concluded that her subjective complaints were not entirely consistent with the evidence. The ALJ's evaluation and discussion of subjective complaints was sufficient.

**VI.   Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Price was not disabled. The ALJ's RFC and credibility determinations were sufficient and he relied upon a fully developed record. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 8th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE